ELLA THOMAS, TOWNSHIP CLERK OF TOWNSHIP OF
WEEHAWKEN, PLAINTIFF, v. ROBERT SOSA AND
MARK AIELLO, DEFENDANTS.

Superior Court of New Jersey
Law Division—Hudson County

Decided November 16, 1979.

Joseph J. Ryglicki for plaintiff (Pompliano and Ryglicki, attorneys).

George B. Campen for defendant Robert Sosa (Farmer and Campen, attorneys).

Le Roy D. Safro for defendant Mark Aiello.

BILDER, J. S. C.

This is an action for a declaratory judgment. It arises out of a Weehawken municipal election in which two candidates received an equal number of votes. At issue is the meaning of the N.J.S.A. 40A:16 16, a section of the newly enacted Municipal Vacancy Law.

The facts are undisputed. In the general election held November 6, 1979 two candidates for Third Ward Committeeman received the same number of votes. This situation was confirmed by a recount conducted pursuant to court order, thus creating a vacancy under N.J.S.A. 19:3 25 and bringing into play N.J.S.A. 40A:16 16.

N.J.S.A. 19:3 25, as far as pertinent, reads as follows:

When an equal number of votes shall have been given to two or more persons to fill any office for which they shall by law be qualified, the office shall be deemed to be vacant.

N.J.S.A. 40A:16 16 reads as follows:

Whenever the office of mayor or of member of the governing body shall be declared or deemed vacant pursuant to R.S. 19:3 25, the municipal clerk shall forthwith fix the date for a special election to fill that office for its term or

unexpired term, as the case may be, to be held 45 days from the date upon which the office was so declared or deemed to be vacant.

The recount having been completed and duly certified by the county board of elections, the parties seek direction as to when the special election should be held. More specifically, they question the meaning of "vacancy" as it is used as a benchmark for determining the date of the new election—it being argued that it may mean the date of the tie or it may mean the date the office of committeeman becomes vacant upon the expiration of the present incumbent's term—*i. e.,* January 1, 1980.

Included in the well established rules of statutory construction are the notions that words should be given their plain meaning and that laws should be so interpreted as to afford a sensible result. They should not be so interpreted as to produce an absurd or anomalous result. *See Houman v. Pompton ·Lakes,* 155 *N.J.Super.* 129, 169 (Law Div. 1977). Viewed in this light, it is clear that the vacancy referred to in *N.J.S.A.* 40A:16- 16 is a statutory vacancy as defined in *N.J.S.A.* 19:3 25. It is a vacancy created by the tie—not a vacancy created by the expiration of the term without the existence of a qualified successor. *See In re Application of Moffat,* 142 *N.J.Super.* 217, 229 (App.Div.1976). Such a construction is dictated by the plain meaning of the words used by the Legislature, an examination of the results which the suggested alternatives would yield and the legislative history. A special election 45 days from the certification of the tie vote will permit the determination of the new officeholder prior to the expiration of the present incumbent's term and assure an orderly continuation of municipal government—an obvious purpose of the Municipal Vacancy Law. An election in the middle of February 1980 would result in a vacant office, an unknown incumbency and an incomplete governing body for the first 45 days of the new year—an unfortunate result and one which would subvert a legislative

purpose of expedition as disclosed in both the Senate and Assembly Committee Reports.[1]

A tie vote having been certified by the board of elections on the court-ordered recount, a special election should be held pursuant to *N.J.S.A.* 40A:16 16, 45 days from the date the office became vacant under *N.J.S.A.* 19:3 25—*i. e.,* November 15, 1979, the date of the final certification of the tie vote. *See N.J.S.A.* 40A:16 3(h).

---

[1]The Municipal Vacancy Law is a revision of the Municipal Governing Body Vacancy Law. The Committee Reports of both legislative bodies included as a guiding principle of the revision: "Vacancies are to be filled as quickly as possible." In addition, both reports noted the suggestion of Judge Petrella in *Mulcahy v. Bergen Cty. Bd. of Elections,* 156 *N.J Super.* 429, 437 438 (Law Div. 1978), that a runoff election for a tied council seat "accords most nearly to notions of public participation and self-determination," a remedy rendered unavailable to him by the Municipal Governing Body Vacancy Law. In recognition of the merit of Judge Petrella's view, amendments were made to extend the provisions of *N.J.S.A* 40A:16 16 to all the events pursuant to which a vacancy might occur under *N.J.S.A.* 19:3 25.